UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | | |
|---|---|---|---|
| JASON CURTIS, | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | Nos. | 1:15-CV-283-HSM |
| | ) | | 1:12-CR-41-HSM-WBC-1 |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |

## MEMORANDUM OPINION

Before the Court now is Petitioner's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 48]. The government filed a response in opposition on November 18, 2015 [Doc. 51] and Petitioner replied on January 29, 2016 [Doc. 53]. Petitioner's § 2255 motion [Doc. 48] will be **DISMISSED WITH PREJUDICE**.

### I.  BACKGROUND

On October 7, 2011, law enforcement officers caught Petitioner in possession of a firearm during what appeared to be an attempted burglary [Doc. 29 ¶ 4]. He subsequently pleaded guilty to possessing the firearm as a felon, in violation of 18 U.S.C. § 922(g)(1) [*Id.* ¶¶ 1, 3]. Petitioner went on to "knowingly and voluntarily waive the right to file any motions or pleadings pursuant to 28 U.S.C. § 2255" except for motions raising "claims of ineffective assistance of counsel or prosecutorial misconduct" [*Id.* ¶ 12(b)].

Based on two prior Tennessee burglary convictions and two prior Tennessee aggravated burglary convictions, the Court found Petitioner to be an armed career criminal subject to the Armed Career Criminal Act's ("ACCA"), 18 U.S.C. § 924(e), 15-year mandatory minimum sentence [Presentence Investigation Report ("PSR") ¶¶ 27, 39, 47, 81–82]. The probation officer

assigned Petitioner an advisory Guidelines range of 188 to 235 months' imprisonment, the Court ultimately sentencing Petitioner to a term of incarceration at the bottom of that range [*Id.*; Doc. 47 (sentencing Petitioner to 188-month term of incarceration and five years' supervised release)].

Petitioner did not appeal his conviction or sentence, and the judgment became final on April 2, 2013. *See Sanchez Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004) (an unappealed judgment of conviction becomes final when the time for filing a direct appeal has elapsed); Fed. R. App. P. 4(b)(1)(A)(i) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14-days after . . . the entry of . . . judgment."). The United States Supreme Court decided *Johnson v. United States*—invalidating the residual clause of the ACCA—on June 26, 2015. 135 S. Ct. 2551 (2015). Petitioner filed the current motion for collateral relief four months later, on October 16, 2015 [Doc. 48].

## II. TIMELINESS OF PETITIONER'S CLAIMS

Section 2255(f) provides that the one-year statute of limitations applicable to collateral challenges runs from the latest of: (1) "the date on which the judgment of conviction becomes final;" (2) "the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;" (3) "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;" or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f). The petition's reliance on *Johnson v. United States*, triggers the renewed one-year limitations period under subsection (f)(3). *See In re Windy Watkins*, No. 15-5038, slip op. at 9–10 (6th Cir. Dec. 17, 2015) (finding *Johnson*

2

constitutes a new substantive rule of constitutional law made retroactively applicable on collateral review and thus triggers § 2255(h)(2)'s requirement for certification of a second or successive petition). The renewed period began to run on June 26, 2015 and, as a result, Petitioner's motion falls safely within the window for requesting collateral relief [Doc. 48].

### III. STANDARD OF REVIEW

The relief authorized by 28 U.S.C. § 2255 "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

### IV. ANALYSIS

Petitioner articulates a single ground of collateral attack, arguing *Johnson v. United States*—in which the United States Supreme Court invalidated the ACCA's residual clause as unconstitutionally vague—removed his convictions for "aggravated burglary" and "burglary other than [a] habitation" from the scope of § 924(e)'s definition of "violent felony" [Doc. 48 pp. 2–4 (suggesting, without citation, that neither crime independently qualifies as a violent felony under provisions of the ACCA remaining in effect after *Johnson*); Doc. 53].[1]

---

[1] The government attempts to rely on the waiver provision of Petitioner's plea agreement as an alternative, independent basis for denying relief [Doc. 51 p. 3]. While the Court recognizes

3

### A. Categorization as Career Offender after *Johnson v. United States*

The ACCA mandates a 15-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). It was this third clause—the residual clause—that the Supreme Court deemed unconstitutional in *Johnson*. 135 S. Ct. at 2563. The Court went on to make clear, however, that its decision did "not call into question . . . the remainder of the [ACCA's] definition of violent felony," i.e., the use-of-physical-force and enumerated-offense clauses. *Id.* Nor did *Johnson* disturb the use of prior serious drug offenses as predicates.

The validity of Petitioner's sentence thus depends on whether three or more of his prior convictions qualify as "violent felonies" under one of the unaffected provisions of § 924(e). *See e.g.*, *United States v. Ozier*, 796 F.3d 597, 604 (6th Cir. 2015) (explaining courts need not decide

---

that Petitioner "knowingly and voluntarily waive[d] the right to file any motions or pleadings pursuant to 28 U.S.C. § 2255 or to collaterally attack the [his] conviction and/or resulting sentence" except in cases that involve "ineffective assistance of counsel or prosecutorial misconduct" [Doc. 29 ¶ 12(b)], it is far from clear that this waiver can be enforced to bar him from challenging a sentence in excess of the maximum authorized by law. *See e.g.*, *United States v. Thompson*, No. 3:06-cr-56, 2008 U.S. Dist. LEXIS 109305, at *37–39 (W.D. Ky. Nov. 7, 2008) (explaining knowing and voluntary waivers are enforceable so long as they do not result in a miscarriage of justice and that a miscarriage of justice arises where "the sentence imposed exceed[s] the statutory maximum permissible"). The Court finds that it need not resolve this dispute here, however, because Petitioner has failed to show that his sentence was imposed in violation of the laws of the United States.

4

what import, if any, *Johnson* has on the Sentencing Guidelines' residual clause where the petitioner's prior convictions qualify as predicate offenses independent of the residual clause). To determine whether a particular offense qualifies as a violent felony under any of the prongs of the above definition, courts must first identify the precise crime of conviction. *Descamps v. United States*, 133 S. Ct. 2276, 2285 (2013). A court does so by employing a "categorical approach," under which it looks "only to the statutory definitions—elements—of a defendant's prior offense, and not to the particular facts underlying [each individual] conviction[]." *Id.* at 2283 (internal quotations omitted). When the prior conviction involves violation of a "divisible" statute—one which comprises multiple, alternative versions of the crime—the court resorts to the "modified categorical approach" under which it "consult[s] a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction." *Id.* at 2281.

For purposes of a § 924(e) enhancement, the Supreme Court has defined "burglary" as any conviction, "regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent commit a crime." *Taylor v. United States*, 495 U.S. 575, 599 (1990). Tennessee provides that a person commits burglary when, "without, the effective consent of the property owner," he:

(1) Enters a building other than a habitation (or any portion thereof) not open to the public, with intent to commit a felony, theft, or assault;

(2) Remains concealed, with the intent to commit a felony, theft, or assault in a building;

(3) Enters a building and commits or attempts to commit a felony, theft, or assault; or

5

> (4) Enters any freight or passenger car, automobile, truck, trailer, boat, airplane or other motor vehicle with intent to commit a felony, theft or assault or commits or attempts to commit a felony, theft or assault.

Tenn. Code Ann. § 39-14-402(a). All but one of the foregoing categories—entering a freight or passenger car, automobile, truck, trailer, boat, airplane or other motor vehicle—satisfy *Taylor*'s generic definition—"unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *See Descamps*, 133 S. Ct. at 2284 (explaining a statute is "divisible" when it "list[s] potential offense elements in the alternative"); *see also United States v. Moore*, 578 F. App'x 550, 553 (6th Cir. 2014) (finding that Tenn. Code Ann. § 39-14-402 is divisible under Descamps); *United States v. Mitchell*, 743 F.3d 1054, 1065 (6th Cir. 2014) ("The ordinary use of the conjunction 'or' is almost always disjunctive, that is, the words it connects are to be given separate meanings." (internal quotations omitted)).

Neither of Petitioner's convictions under Tenn. Code Ann. § 39-14-402 involved the breaking and entering of a train, boat, or other vehicle [PSR ¶ 39 (explaining both non-aggravated burglaries involved buildings, not vehicles)], and, as a result, both independently qualify as predicate offenses under § 924(e)'s enumerated-offense clause. Further, Sixth Circuit precedent makes clear that his two convictions for violation of Tenn. Code Ann. § 39-14-403 [*Id.* ¶ 39]—burglary of a habitation—fall squarely within the enumerated-offense clause as well. *See United States v. Bailey*, No. 14-6524, 2015 U.S. App. LEXIS 12325, at *4 (6th Cir. July 15, 2015) (finding, *post-Johnson*, that "[b]ecause Tennessee aggravated burglary is a generic version of the crime of burglary, it constitutes a violent felony under the ACCA's enumerated-offense clause"); *United States v. Lara*, 590 F. App'x 574, 577 (6th Cir. 2014) (affirming Tennessee aggravated burglary under Tenn. Code Ann. § 39-14-403 "qualifies as a violent felony under the

6

ACCA"); U*nited States v. Nance*, 481 F.3d 882, 888 (6th Cir. 2007) (holding Tennessee "aggravated burglary represents a generic burglary capable of constituting a violent felony for ACCA purposes"). Any attempted reliance on the distinction between aggravated burglary and burglary of a dwelling [Doc. 48 pp. 2–3; Doc. 53 p. 2], is irrelevant for purposes of the ACCA because "burglary of a dwelling" is only required by the career offender provision of the Sentencing Guidelines, not the parallel provisions found in the ACCA. *See* U.S. Sentencing Manual § 4B1.2(a)(2) (mirroring language of the ACCA's enumerated offense clause with the exception of requiring "burglary of a dwelling" instead of generic "burglary").

## IV. CONCLUSION

For the reasons discussed above, Petitioner's § 2255 motion [Doc. 48] will be **DISMISSED WITH PREJUDICE**.

**ORDER ACCORDINGLY.**

                                              */s/ Harry S. Mattice, Jr.*
                                              HARRY S. MATTICE, JR.
                                              UNITED STATES DISTRICT JUDGE